UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| MICHON DESMOND HOUSTON, | |
|---|---|
| Plaintiff, | Case No. 18-cv-10213 |
| | Paul D. Borman |
| v. | United States District Judge |
| BRANDON GUINN, | Stephanie Dawkins Davis |
| | United States Magistrate Judge |
| Defendant. | |

OPINION AND ORDER:
(1) OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 48);
(2) ADOPTING THE REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE STEPHANIE DAWKINS DAVIS (ECF NO. 47); and
(3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 38)

On October 31, 2019, Magistrate Judge Stephanie Dawkins Davis issued a Report and Recommendation addressing Defendant Brandon Guinn's Motion for Summary Judgment in this First Amendment retaliation case. (ECF No. 47, Report and Recommendation.) In the Report and Recommendation, Magistrate Judge Davis recommended that the Court deny Defendant's January 2, 2019 Motion for Summary Judgment because a genuine dispute of material facts exists as to whether there is a causal link between Plaintiff Michon Houston's protected speech, filing grievances against a food service employee, and the adverse action taken against Houston by Defendant Guinn, issuing a misconduct ticket and terminating Houston from his food services job. (ECF No. 38, Report and Recommendation, PgID 331.)

Defendant Guinn objected to the Report and Recommendation by reiterating his argument that there is no genuine issue of material fact on the causation element of Houston's retaliation claim and that Guinn is therefore entitled to qualified immunity. (ECF No. 48, Objections.) Defendant filed a timely Response. (ECF No. 49, Plaintiff's Response.) Having conducted a *de novo* review of the parts of the Magistrate Judge's Report and Recommendation to which the objections were filed, the Court overrules Defendant's Objections (ECF No. 48), adopts Magistrate Judge Davis's Report and Recommendation (ECF No. 47), and denies Defendant's Motion for Summary Judgment (ECF No. 38).

## I. BACKGROUND

The Court has reviewed the record and finds that Magistrate Judge Davis's summary of the factual background of this case in the October 31, 2019 Report and Recommendation is accurate. (ECF No. 47, Report and Recommendation, PgID 321–27.) Defendant has not specifically objected to the factual background section of the Report and Recommendation, so the Court adopts that section in full. (*Id.*)

## II. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of the portions of the magistrate judge's Report and Recommendation to which a party has filed "specific written objections" in a timely manner. *Lyons v. Comm'r of Soc. Sec.*, 351 F. Supp. 2d 659, 661 (E.D. Mich. 2004). A

district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks omitted). A general objection, or one that merely restates arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. An "objection" that does nothing more than disagree with a magistrate judge's determination "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Summary judgment is appropriate where the moving party demonstrates that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56(a). A fact is "material" for purposes of a summary judgment motion where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Midwest Media Prop., L.L.C. v. Symmes Twp., Ohio*, 503 F.3d 456, 469 (6th Cir. 2007) (quoting *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether there are genuine issues of material fact for trial, the court must draw all reasonable inferences in favor of the non-moving party. *See Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015). At the same time, the non-moving party must produce enough evidence to allow a reasonable jury to find in its favor by a preponderance of the evidence. *Anderson*, 477 U.S. at 252. "The 'mere possibility' of a factual dispute is not enough." *Martin v. Toledo Cardiology Consultants, Inc.*, 548 F.3d 405, 410 (6th Cir. 2008) (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

### III. ANALYSIS

Defendant Guinn's challenge to Magistrate Judge Davis's conclusion that there is a genuine issue of material fact on causation is based on his insistence that no record evidence supports Plaintiff Houston's version of the facts and therefore no reasonable jury could believe Houston's story. (*See* ECF No. 48, Objections, PgID 341–44 ("[T]he magistrate judge's recommendation disregards the well-established principle that 'there must be evidence on which the jury could reasonably find for the plaintiff.'") (citing *Anderson*, 477 U.S. at 248).) Specifically, Guinn argues that it cannot be genuinely disputed that he was not aware of the two grievances Houston filed against Trinity

4

Services Group[1] employee Jones when he wrote Houston a misconduct for theft of a piece of cake and terminated him from his food services position. (ECF No. 48, Objections, PgID 342.) So, because Guinn was "unaware of the supposed triggering act," his actions could not have had a retaliatory motive. *Hopkins v. Canton City Bd. of Educ.*, 477 F. App'x 349, 361 (6th Cir. Apr. 24, 2012). The problem with Guinn's argument is that Houston does dispute that fact and, as Magistrate Judge Davis correctly concluded, Houston has produced evidence upon which a jury could find that Guinn knew of the grievances.

Two pieces of evidence support this conclusion. First, in Houston's verified complaint, Houston swears under penalty of perjury that on September 17, 2017, Guinn told Houston, "you made a big mistake by writing grievances about officers eating food from the diet line," and said, "you filed two grievances within two weeks about the way we run chow hall, that shows you do not want a job over here." (ECF No. 1, Complaint, PgID 3.) During this conversation, according to the Complaint, Guinn threatened that Houston would not have his job for long. (*Id.*) Because a verified complaint is treated as an affidavit for the purposes of summary judgment, *El Bey v. Roop*, 530 F.3d 407, 414 (6th Cir. 2008), Houston's verified complaint is circumstantial evidence that Guinn

---

[1] A third-party contractor that provides food services and personnel to the Gus Harrison Correctional Facility, the prison where the events at issue occurred. (ECF No. 47, Report and Recommendation, PgID 322 n.2.)

knew about the two grievances Houston filed against food services employee Jones before he terminated Houston on September 20. After all, Guinn could not have confronted Houston about the grievances if he did not know about them.

The second piece of evidence that supports an inference that Guinn had sufficient knowledge to retaliate is the grievance that Houston wrote on September 17 about the confrontation with Guinn described above. (ECF No. 41, Houston Response to Guinn MSJ, PgID 281.) Although it was not received until September 29, the grievance is dated September 17 and it describes the same conduct that Houston later described in his complaint—Guinn confronting Houston about his previously filed grievances and threatening Houston's job. (*Id.*) The grievance is further evidence that the altercation Houston describes in complaint occurred, and the altercation is circumstantial evidence that Guinn knew about the grievances. This is evidence from which a jury could infer that Guinn knew enough to retaliate, and that he did in fact retaliate by writing Houston a misconduct for theft of a piece of cake and by terminating him from his food services job.

Guinn argues that a jury could not credit Houston's evidence or believe his story because it is "blatantly contradicted by the record." (ECF No. 48, Objections, PgID 341–42 (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007).) The record evidence to which Guinn refers is Guinn's sworn statement that he "was never aware of any grievances that Plaintiff filed regarding staff misconduct and health code violations and

never had any discussions with Plaintiff on September 17, 2017, or on any date, regarding such grievances," and other evidence showing that Guinn would not have been notified of Houston's grievances through the official resolution process. (ECF No. 38-4, Guinn Affidavit, PgID 206; *see* ECF No. 48. Objections, PgID 342.) None of Guinn's proffered evidence, however, forecloses the possibility that he learned about the grievances in some unofficial way, such as in conversation with food service employees during his regular assignment at the chow hall. (*See* ECF No. 38-4, Guinn Affidavit, PgID 205 (indicating his regular assignment).) Guinn's sworn statement that he did not know about the grievances and did not have a discussion with Houston on September 17 does contradict Houston's sworn statement, but that contradiction is a genuine dispute of material facts, not a blatant contradiction that requires the court to credit one version of events over another at the summary judgment stage. *Contra Scott*, 550 U.S. at 378–380 (finding a party's testimony that he was driving carefully through empty streets "utterly discredited" by a video of him running red lights, swerving around "more than a dozen other cars," crossing the double yellow line, and forcing the police cars chasing him to "engage in the same hazardous maneuvers just to keep up").

Guinn also objects to Magistrate Judge Davis's determination that he is not entitled to qualified immunity. (ECF No. 48, Objections, PgID 345–47.) This objection is based on his argument that the record does not support Houston's allegations of retaliation. (*Id.* at PgID 346.) As discussed above, as well as in the Report and

7

Recommendation, Houston has produced sufficient evidence to raise a genuine issue of material fact on each element of a First Amendment retaliation claim. Therefore, Guinn is not entitled to qualified immunity.

## IV. CONCLUSION

For all of the reasons stated above, the Court hereby: (1) OVERRULES Defendant's Objections (ECF No. 48); (2) ADOPTS the Report and Recommendation of Magistrate Judge Davis (ECF No. 47); and (3) DENIES Defendant's Motion for Summary Judgment (ECF No. 38).

IT IS SO ORDERED.

Dated: January 31, 2020　　　　　　　　　　　s/Paul D. Borman
　　　　　　　　　　　　　　　　　　　　　　Paul D. Borman
　　　　　　　　　　　　　　　　　　　　　　United States District Judge